## KILPATRICK v. TRIANGLE DRILLING CO.†
### No. 4506.

Court of Appeal of Louisiana. Second Circuit.
March 31, 1933.

---

Hardin & Coleman, of Shreveport, for appellant.

J. Rush Wimberly, of Arcadia, for appellee.

MILLS, Judge.

Plaintiff owns, farms, and lived upon 160 acres of land in the vicinity of an oil well being drilled by the defendant company. Prior to the drilling of the well, upon the rig of which plaintiff was injured, he and his boy, J. L. Kilpatrick, had done considerable work for defendant, and were considered by its management as reliable employees.

Operations in the field having ceased, representations were made to plaintiff that if certain division orders were signed, the company would go ahead with the drilling of the well, and would give employment to plaintiff, or some of his family. This being done, in August, 1931, when work was resumed, A. J. Hodges, field manager for the defendant company, went to the home of J. R. Kilpatrick to get him or his son to go to work. As both were good workmen, Hodges says it was immaterial to him which one reported for work. Neither being at home, he left word for some one to report for work that night to run the water pump on the night shift. Hodges says that J. R. Kilpatrick largely had charge of the job, and that he looked to him to take care of it; that he was not concerned which one was on the job, so long as it was looked after. From that time on to the date of the accident on September 12th, with the knowl-edge of the company, the father and son alternated on the job, each working about half the time.

On the night of September 12th, the father reported on the job at 6 o'clock, to begin the night shift, and worked on until between 10 and 11 o'clock, when he climbed the rig to see how much water was in the tank. Striking a match to see better, he ignited an accumulation of gas, which violently exploded. His boy, J. L., who had just come onto the job to take his place, was on the ladder behind him. The force of the explosion knocked them both to the ground. The father was much more severely injured than the son. His face and hands were burned so deeply that he cannot now stand exposure to the sun or cold. An infection resulting from the burns necessitated the amputation of the left arm above the elbow. The little and third finger of the right hand were stiffened so that it was practically useless for work. His sight and hearing were somewhat impaired; a tendon in the right knee cap was completely severed. It was sewed together and has reunited, but the leg is weak and somewhat stiffened. His injuries are permanent, and render him incapable of doing work of a reasonable character. The job paid $2.50 per day, seven days in the week, making the weekly wage $17.50.

The lower court rendered judgment in favor of the plaintiff for a straight 400 weeks at $5.687 per week, being 65 per cent. of half the weekly wage. From this judgment, defendant appeals.

Defendant filed in evidence pay rolls and checks showing that J. L. Kilpatrick alone was carried on its records as an employee. The checks were made payable to the younger man. The method of defendant in making up its pay rolls cannot affect the rights of plaintiff, who, the record shows, was principally employed to do this work, and who shared it with his son, with the full knowledge and consent of defendant. Defendant also urges in defense the fact that some compensation was paid to, and accepted by, the son. Again, we fail to see how this can affect the rights of the father; he not having been shown to be a party thereto. Although this case presents the unusual situation of two men holding one job, J. R. Kilpatrick was an employee of defendant at the time he was hurt, and was injured in an accident occurring in the course of and arising out of that employment.

We think the judgment appealed from is correct, except in allowing compensation for 400 weeks without reservation. It is amended so as to read during the period of disability, not, however, beyond 400 weeks. As amended, the judgment appealed from is affirmed.